## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO

**JAMES A. LANGLEY,**
            **Plaintiff**

**v.**                                                            **Civil Action Number**
                                                                             **4:06CV121-J**

**MICHAEL J. ASTRUE, Commissioner,**
   **Social Security Administration,**
                              **Defendant**

### MEMORANDUM OPINION

This matter is before the Court on plaintiff James Langley's request for review of the decision of the defendant Commissioner denying his claim to disability insurance benefits and supplemental security income payments. After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be affirmed.

Plaintiff filed his applications in December of 2003 and January of 2004, alleging that he had been unable to engage in any substantial gainful employment since October of 2002. After a hearing, the Administrative Law Judge ("ALJ") determined that Mr. Langley's profound hearing loss of the right ear, organic mental disorder and affective disorder were severe impairments, but that they did not prevent him from performing his past relevant work as a kitchen helper.

The disability determination process consists of five steps. Wyatt v. Secretary, 974 F.2d 680 (6th Cir. 1992):

    1.  The claimant must not be engaged in substantial gainful activity.

2. The alleged disabling impairment must be "severe," meaning that it significantly limits the individual's ability to do basic work activities necessary for most jobs, such as walking, standing, sitting, lifting, seeing, hearing and speaking. 20 CFR Section 416.921.

3. If the claimant has a medical condition that meets or exceeds the impairments listed in Appendix 1 of 20 CFR Part 404, Subpart P of the regulations (often referred to as "the Listings"), the evaluation terminates and the claimant is conclusively presumed to be disabled. Lankford v. Sullivan, 942 F.2d 301 (6th Cir. 1991).

4. The claimant must be unable to do his or her past relevant work.

5. If the claimant shows inability to do the past relevant work, the Commissioner must come forward with evidence to show that the claimant can still perform a significant number of jobs. Born v. Secretary, 923 F.2d 1168 (6th Cir. 1990).

These steps are approached sequentially, and a finding at any step that is adverse to the claimant terminates the process. The ALJ determined that Mr. Langley had failed to carry his burden of proof at step 4. If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991). The Court's obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion. Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

Mr. Langley argues that the ALJ committed error by failing to accord to the opinions of

treating professionals the weight to which they were entitled.  In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician.  Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician.  See also Soc.Sec.Rul. 96-2p.  The opinion of a treating physician need not be given controlling weight unless supported by clinical or diagnostic findings. See  Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir.1997);  Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir.1993); Kirk v. Heckler, 742 F.2d 968, 973 (6th Cir.1984).

On January 18, 2005, clinical psychologist Kelly Donivan Smith relied on the treatment records of social worker Don Van Natta to opine that Mr. Langley had a marked impairment of ability to understand and remember detailed instructions, ability to carry out detailed instructions, ability to make judgments on simple work-related decisions, ability to interact appropriately with supervisor(s), ability to respond appropriately to work pressures in a usual work setting, and ability to respond appropriately to changes in a routine work setting.  Dr. Smith stated that the findings supporting the assessment included "Easily frustrated has left or was terminated from multiple jobs over detail issues.... Historical and expressed difficulty with change – difficulty with criticism ... history of 'yelling' at people on job if perceives as 'wrong or unfair.'" Tr. 239-240.  Plaintiff also points to the August 2004 opinion of Dr. Elliott, one of the psychiatrists who saw Mr. Langley at Pennyroyal Mental Health, stating that Mr. Langley "should be considered neurologically handicapped." Tr. 237.

The ALJ took note of Dr. Smith's opinion, but found "these limitations are excessive

given the good response the claimant has had to medication and counseling. Evidence reflects that the claimant does well on medication with no side effects reported." Tr. 27. The Court notes that many of the statements supporting Dr. Smith's findings involve historical matters, some of which clearly reach back to a time when Mr. Langley was not receiving treatment.

With regard to Dr. Elliott's statements, the ALJ noted that Dr. Elliott was seeing Mr. Langley for the first time. Significantly, Dr. Elliott prescribed new medications, including Cogentin "for control of his frequent explosions and frequent episodes." Tr. 238. The ALJ noted that there is no evidence that she treated Mr. Langley again. However, after Mr. Langley had been on the medication Dr. Elliott prescribed, other psychiatrists who reassessed him noted great improvement. Dr. Winkler noted on September 9, 2004, "He is a man who carries a Depressive Disorder and Learning Disability diagnosis. He is doing very well on his medicine." Tr. 236. On October 7, 2004, an unspecified psychiatrist reported that Mr. Langley was "stabilized," that he had "no depressive symptoms," and that his mood was "euthymic and pleasant." Mr. Langley himself reported at that time that "this is the best it has been." R. 235.

The Court finds no error in the evaluation of treating source opinions. Furthermore, substantial evidence supports the ALJ's conclusion that so long as Mr. Langley complies with counseling and pharmaceutical regimens, he does not have marked limitations that prevent him from performing his previous work. Whether substantial evidence would support a contrary conclusion is irrelevant. The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Mullen v. Bowen, 800 F.2d 535, 545 (6 th Cir.1986).

Significantly, under this standard, this Court is not to resolve conflicts in evidence and may not decide questions of credibility. See Garner v. Heckler, 745 F.2d 383, 387-88 (6th Cir.1984).

An order in conformity has this day entered.